SMITH (WHISTON v.). See Case No. 17,523.

---

## Case No. 13,127.

SMITH v. WILLIAMS et al

[9 Betts, D. C. MS. 33.]

District Court, S. D. New York. March 20, 1847.

DEPOSITIONS—CERTIFICATE OF MAGISTRATE — PERSONS AUTHORIZED TO TAKE DEPOSITIONS—ADMIRALTY LAW.

[1. The certificate of the proper magistrate to a deposition taken under the act of September 24, 1789 (1 Stat. 73), is competent evidence to prove that the requirements of the act have been fulfilled in taking and certifying the deposition.]

[2. The appellations of "Judge" or "Justice," in respect to members of courts, are the same; and a justice of a county court is, within the meaning of the statute, a judge of such court, and competent to take testimony under its provisions.]

[3. A suit cannot be maintained in admiralty upon a charter party or contract of affreightment, entered into by one of the parties upon representations of the other. not true in fact, and which misled the party first named to his injury.]

[This was a libel for breach of charterparty, by Daniel Smith against John G. Williams and Edward F. Northam.]

BETTS, District Judge. It is considered by the court that the certificate of the proper magistrate to a deposition taken under the act of congress of September 24, 1789, is competent evidence to prove the requirements of the act have been fulfilled in taking and certifying the deposition. It is considered by the court, that the appellation of "Judge" or "Justice," in respect to members of courts of justice, is of the same import, and that a justice of a county court is, within the meaning of the said act of congress, a judge of such court, competent to take the testimony of witnesses out of court, pursuant to the provisions of the 30th section of said act. It is considered by the court, that

the depositions of Samuel W. Wallace and John Burgoyne, offered in evidence in this case by the respective parties, are both authenticated conformably to the requirements of the act of congress, and are admissible in evidence. It is considered by the court, that the allegations in the libel, if supported by the proofs, that the contract of affreightment or charter-party in the pleadings mentioned was entered into by the libellant upon representations of the respondents not true in fact, and which misled and deceived the libellant to his great injury, would not authorize and support an action thereupon in this court. And it appearing to the court, upon the pleadings and proofs in this case, that the contract of affreightment or charter-party in the pleadings mentioned was not executed or entered into by the respondents in their own behalf, or any way guarantied or made personally obligatory on them, but was executed and entered into by them as agents of John Burgoyne thereto duly authorized by him, and was received and accepted by the libellant as such with full knowledge of their authority in that behalf, it is considered by the court that no right of action has accrued to the libellant in this court, against the respondents personally, by means of the premises.

Wherefore it is ordered and decreed by the court, that the libel in this cause be dismissed, with costs to be taxed.